IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| DEBORAH BURNS, | ) | Civil No. |
| | ) | |
| Plaintiff, | ) | |
| | ) | NOTICE OF REMOVAL |
| v. | ) | AND REQUEST |
| | ) | FOR PLACE OF TRIAL |
| FATHER FLANAGAN'S BOYS HOME, | ) | |
| FATHER FLANAGAN'S BOYS HOME | ) | |
| d/b/a BOYS TOWN PEDIATRICS; BOYS | ) | |
| TOWN d/b/a BOYS TOWN PEDIATRICS, | ) | |
| | ) | |
| Defendant. | ) | |

Pursuant to 28 U.S.C. § 1441(b) and 28 U.S.C. § 1446, Father Flanagan's Boys' Home d/b/a Boys Town Pediatrics, the properly named Defendant in the above captioned action, through its undersigned attorneys, hereby removes this case to the United States District Court for the District of Nebraska, and in support thereof states as follows:

Removal is based upon federal question jurisdiction in that the Plaintiff's Amended Complaint alleges a claim for relief under the Americans With Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 et seq. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) over all other claims asserted by Plaintiff. Attached hereto are copies of the Summons and "First Amended Complaint, Jury Demand and Praecipe," served by certified mail upon Father Flanagan's Boys' Home on January 6, 2010.

{1124676.1}

Pursuant to NECivR 40.1(b), Defendant requests that trial of this action take place in Omaha, Nebraska.

Dated this 18th day of January, 2010.

FATHER FLANAGAN'S BOYS' HOME d/b/a
BOYS TOWN PEDIATRICS, Defendant

By: /s/ Mary Kay O'Connor
Mary Kay O'Connor, #18148
CLINE, WILLIAMS, WRIGHT,
JOHNSON & OLDFATHER, L.L.P.
One Pacific Place
1125 South 103rd Street, Suite 320
Omaha, Nebraska 68124-1090
(402) 397-1700
moconnor@clinewilliams.com

## CERTIFICATE OF SERVICE

I, Mary Kay O'Connor, hereby certify that on this 18th day of January, 2010, I electronically filed the foregoing document with the Clerk of the United States District Court using the CM/ECF system, which sent notification of such filing to the following:

Kathleen M. Neary
Vincent M. Powers and Associates
411 South 13th Street, Suite 300
Lincoln, NE 68508

/s/ Mary Kay O'Connor
Mary Kay O'Connor

{1124676.1}

RECEIVED
1/6/10
KSS

IN THE DISTRICT COURT, DOUGLAS COUNTY, NEBRASKA

Deborah J. Burns

vs.

Father Flanagan's Boys' Home; Father Flanagan's Boys' Home d/b/a Boys Town Pediatrics; Boys Town d/b/a Boys Town Pediatrics

| SUMMONS BY CERTIFIED MAIL | DOC. 1102 NO. 635 |
|---|---|

STATE OF NEBRASKA   )
COUNTY OF DOUGLAS   )

This is to notify Father Flanagan's Boys' Home
(Impleaded with others)

Defendant that you have been sued by Deborah J. Burns

Plaintiff in the District Court of said County, and that in order to defend the lawsuit you must file an appropriate written response in the Office of the Clerk of said Court within thirty days after service of Summons and First Amended Complaint in answer to the First Amended Complaint said Plaintiff filed against you or such First Amended Complaint will be taken as true and judgment rendered accordingly for the relief demanded in the attached First Amended Complaint.

RETURN of this Summons is due within ten days after return of the signed receipt.

WITNESS my signature and the Seal of said Court at Omaha and issued this 30th day of December, 2009.

JOHN M. FRIEND, CLERK
BY: _____
     Deputy

ATTORNEY FOR PLAINTIFF:
NAME:      Vincent M. Powers
ADDRESS:   411 South 13th Street suite 300
           Lincoln, NE 68508
PHONE:     (402) 474-8000

RECEIVED
1/6/10
RM

IN THE DISTRICT COURT OF DOUGLAS COUNTY, NEBRASKA

| | |
|---|---|
| DEBORAH J. BURNS | Case No. 1103-635 |
| Plaintiff, | FIRST AMENDED COMPLAINT, JURY DEMAND and PRAECIPE |
| vs. | |
| FATHER FLANAGAN'S BOYS' HOME; FATHER FLANAGAN'S BOYS' HOME d/b/a/ BOYS TOWN PEDIATRICS; BOYS TOWN d/b/a BOYS TOWN PEDIATRICS, | |
| Defendants | |

COMES NOW the Plaintiff, by and through her attorney, and for her first amended complaint against the Defendants states as follows:

1. This is an action seeking redress for the violation of the rights guaranteed to the Plaintiff by the Nebraska Fair Employment Practices Act, Neb. Rev. Stat. Section 20-148, Nebraska common law and the Americans with Disabilities Act, as amended.

2. Jurisdiction of this Court is invoked pursuant to the Nebraska statutes referenced herein, namely, the Nebraska Fair Employment Practices Act and Neb. Rev. Stat. Section 20-148. This Court has jurisdiction over the claims brought pursuant to federal law.

3. Plaintiff filed complaints of discrimination and retaliation with the Nebraska Equal Opportunity Commission and the United States Equal Opportunity Commission with respect to the allegations set forth herein as well as other allegations. The plaintiff has filed this timely action within 90 days of receipt of the right to sue notice. Attached hereto and incorporated herein by reference are the Notice of Right to Sue letters issued by the United States Equal Employment Opportunity Commission dated December 22, 2009.

4. At all times relevant, the Plaintiff was a resident of Douglas County, Nebraska.

5. At all times relevant, the Defendants were corporations and/or business operating within Douglas County, Nebraska. Defendant Boys Town issued Plaintiff's paychecks and the Defendant Father Flanagan's Boys' Town was listed at Plaintiff's employer on tax related documents. Plaintiff worked at Boys Town Pediatrics; a facility owned and/or operated by Defendant Boys Town and/or Father Flanagan's Boys' Town. Upon information and belief, the defendants were engaged in providing health related services and/or health care to the public. The Defendants are employers as that term is defined by the state and federal laws referenced herein.

6. Plaintiff Deborah Burns is a qualified person with a disability as that term is defined by the Americans with Disabilities Act and the Nebraska Fair Employment Practices Act as she: (1) has a physical and mental impairment(s) that substantially limits one or more of major life activities; and/or (2) she has a record and/or history of such an impairment and/or (3) the defendants perceived or regarded her as having such an impairment. Plaintiff Deborah Burns was able to perform the essential functions of her position with the Defendants with reasonable accommodation.

7. From approximately 2001 through June 7, 2007, Plaintiff had been employed with the Defendants at Boys Town Pediatrics, a facility owned and/or operated by the Defendants noted herein, as a registered nurse. Plaintiff's work performance was satisfactory.

8. Since 2005, Defendants were aware of Plaintiff's latex allergy. From 2005 through the date of her termination in 2007, Defendants repeatedly denied

Plaintiff's requests for reasonable accommodation. In early, 2007, plaintiff suffered a work related injury, to-wit one or more severe physical allergic reactions in the workplace. The severe physical allergic reactions resulted from the Defendants' failure to provide Plaintiff with reasonable accommodation in the workplace. Defendants were fully aware of Plaintiff's disabilities as that termed is defined under state and federal statute.

9. Plaintiff was wrongfully terminated from her full-time nursing position with the Defendants on or about June 7, 2007 for a pretextual reason and/or in retaliation for seeking reasonable accommodation(s) for her disability and/or for notifying the defendants of her work related injury and/or filing a first incident report and/or procceding with her legal rights under the workers' compensation statutes of the State of Nebraska. Plaintiff's termination was discriminatory and/or retaliatory.

10. After filing a complaint of discrimination with the NEOC in early, 2008 and/or engaging in other protected activities, Defendants continued to retaliate against the Plaintiff by failing to pay medical expenses and/or prescription drug expenses as required by the stipulation entered into by the parties and/or engaging in other retaliatory actions.

11. The aforementioned illegal activity occurred while the managers, supervisors and/or employees were acting in the scope and course of their employment with the Defendants. All discriminatory and retaliatory acts alleged herein occurred within the State of Nebraska.

12. At all time relevant, Defendants were aware of its duty and obligations under the aforementioned statutes. The Defendants' conduct was willful and/or in reckless disregard to the Plaintiff's statutory rights. Punitive damages under the ADA

and/or liquidated and/or double/treble damages payable to the common school fund for Nebraska for the claims arising under Nebraska law are appropriate.

## COUNT I

Plaintiff incorporates paragraphs 1 through 12 as if fully set forth herein.

13.   Defendants' failure to provide reasonable accommodation and/or wrongful termination of the Plaintiff were discriminatory in nature and in violation of the Nebraska Fair Employment Practices Act, Neb. Rev. Stat. Section 20-148 and/or the Americans with Disabilities Act, as amended.

14.   As a direct, proximate result of Defendants' aforementioned illegal conduct, Plaintiff has sustained compensatory damages, lost wages, loss of future income and loss of fringe benefits, the total sum of which will be specifically pleaded when ascertained.

15.   Defendants' actions were done willfully and/or with malice and/or in reckless disregard to the protected rights of the Plaintiff. Punitive damages for the claims arising under federal law and/or liquidated and/or double or treble damages for the violations arising under state law are appropriate.

## COUNT II

Plaintiff incorporates paragraphs 1 through 15 as if fully set forth herein.

16.   After Plaintiff engaging in one or more protected activities, the Defendants willfully retaliated against the Plaintiff by terminating her employment and/or failing to abide by the stipulations regarding Plaintiff's work related injuries and/or other retaliatory conduct not specifically set forth herein. The aforementioned willful

retaliatory conduct is violative of the Nebraska Fair Employment Practices Act, Neb. Rev. Stat. Section 20-148 and/or the ADA, as amended.

17. As a direct, proximate result of Defendants' aforementioned illegal conduct, Plaintiff has sustained compensatory damages, lost wages, the value of benefits and will continue to incur future lost wages and job related benefits.

18. Defendants' actions were done willfully and/or with malice and/or with reckless indifference to the statutorily protected rights of the Plaintiff. Punitive damages for the federal violations and/or double or treble damages for the state law violations are appropriate.

## COUNT III

Plaintiff incorporates paragraphs 1 through 18 as if fully set forth herein.

19. After sustaining a work related injury and/or reporting her work related injury to the Defendants and/or seeking or pursing her legal remedies provided under the Nebraska Workers' Compensation laws, the Defendant retaliated against the Plaintiff in violation of Nebraska law.

20. As a direct, proximate result of Defendants' aforementioned illegal conduct, Plaintiff has sustained compensatory damages, lost wages, the value of benefits and will continue to incur future lost wages and job related benefits.

21. Defendants' actions were done willfully and/or with malice and/or with reckless indifference to the statutorily protected rights of the Plaintiff. Double or treble damages payable to the common school fund for the State of Nebraska are appropriate.

WHEREFORE, Plaintiff respectfully requests that this Court assume jurisdiction herein as to all counts alleged herein and grant the following relief:

a. Declare the conduct of the Defendants to be violative of the rights of the Plaintiff under the appropriate federal or state law or laws;

b. Direct the Defendants to reinstate and/or instate Plaintiff to her previously held position with back pay, all the job related benefits and job related increments to which she is entitled, including interest thereon, or to find that reinstatement is not appropriate and to award her front pay according to law;

c. Award the Plaintiff compensatory damages for pain, suffering, inconvenience, humiliation and emotional distress in an amount to be determined by the jury or the court;

d. Award the Plaintiff punitive for the federal violations and/or liquidated and/or double or treble damages for violations of state law against the Defendants in an amount to be determined by the jury or the Court;

e. Enjoin the Defendants from any further discrimination or retaliation against the Plaintiff;

f. Award the Plaintiff costs and reasonable attorney's fees and such other and further relief as the Court deems just and reasonable and appropriate to correct the wrong done to him.

FOR: DEBORAH J. BURNS

BY: _____
VINCENT M. POWERS & ASSOCIATES
Kathleen M. Neary    20212
411 South 13th Street, Suite 300
Lincoln, NE 68508
(402) 474-8000
Kathleen@vpowerslaw.com

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

To: Deborah J. Burns
6230 South 91st Avenue
Omaha, NE 68127

From: St. Louis District Office
Robert A. Young Bldg
1222 Spruce St, Rm 8.100
Saint Louis, MO 63103

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 32E-2008-00454 | Joseph J. Wilson, Investigator | (314) 539-7816 |

(See also the additional information enclosed with this form.)

NOTICE TO THE PERSON AGGRIEVED:

Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA): This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[X] More than 180 days have passed since the filing of this charge.

[ ] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

Age Discrimination in Employment Act (ADEA): You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, the paragraph marked below applies to your case:

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA must be filed in federal or state court WITHIN 90 DAYS of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

Equal Pay Act (EPA): You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

/s/ James R. Neely, Jr., Director

December 22, 2009
(Date Mailed)

Enclosures(s)

cc: Victor F. Lapuma
Interim General Counsel
FATHER FLANAGAN'S BOYS' HOME
14100 Crawford St
Boys Town, NE 68010

Kathleen M. Neary
Vincent M. Powers & Associates
411 S 13th Street, Suite 300
Lincoln, NE 68508

EEOC Form 161-B (11/09)    **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

| To: | Deborah J. Burns<br>6230 S 91st Ave<br>Omaha, NE 68127 | From: | St. Louis District Office<br>Robert A. Young Bldg<br>1222 Spruce St, Rm 8.100<br>Saint Louis, MO 63103 |
|---|---|---|---|

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 32E-2009-00544 | Joseph J. Wilson, Investigator | (314) 539-7816 |

(See also the additional information enclosed with this form.)

NOTICE TO THE PERSON AGGRIEVED:

Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA): This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[X] More than 180 days have passed since the filing of this charge.

[ ] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

Age Discrimination in Employment Act (ADEA): You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, the paragraph marked below applies to your case:

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA must be filed in federal or state court WITHIN 90 DAYS of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

Equal Pay Act (EPA): You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

James R. Neely, Jr.,
Director

December 22, 2009
(Date Mailed)

Enclosures(s)

cc:  Victor F. Lapuma
Assistant General Counsel
FATHER FLANAGAN'S BOYS' HOME
14100 Crawford Street
Boys Town, NE 68010

Kathleen Neary
Vincent M. Powers & Associates
411 South 13th Street, Suite 300
Lincoln, NE 68508