IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| DEBORAH J. BURNS, | ) | |
| | ) | |
| Plaintiff, | ) | 8:10CV23 |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| FATHER FLANAGAN'S BOYS HOME, | ) | |
| d/b/a BOYS TOWN NATIONAL | ) | |
| RESEARCH HOSPITAL, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on the defendant's Motion to Strike, or in the alternative to Dismiss, Plaintiff's Second Amended Complaint (Filing No. 16). The defendant filed a brief (Filing No. 17) in support of the motion. The plaintiff filed a brief (Filing No. 25) in opposition to the motion. The defendant filed a brief (Filing No. 26), an index of evidence (Filing No. 27), and a corrected index of evidence (Filing No. 28) in reply.

On March 11, 2010, the court entered a progression order providing, "Any motion to amend pleadings and/or add parties shall be filed by the plaintiff not later than April 30, 2010, and by the defendant not later than May 17, 2010." **See** Filing No. 9 - Order ¶ 7. On April 16, 2010, the plaintiff filed an "unopposed motion" seeking to amend the progression order "to allow the plaintiff until May 17, 2010 to file an Amended Complaint and to allow the defendant to file an Answer to Amended Complaint on or before June 7, 2010." **See** Filing No. 13. The plaintiff also stated the defendant "has no objection to the instant motion." ***Id.*** On April 19, 2010, the court entered an order providing, "Plaintiff shall have until May 17, 2010, to file an Amended Complaint and the Defendant shall have until June 7, 2010, to file a responsive pleading to the Amended Complaint." **See** Filing No. 14. Thereafter, on May 17, 2010, the plaintiff filed the Second Amended Complaint. **See** Filing No. 15.

On May 20, 2010, the defendant filed the instant motion, but has not otherwise responded to the Second Amended Complaint. **See** Filing No. 16. In the motion, the defendant moves to strike the plaintiff's May 17, 2010, complaint, pursuant to Federal Rule of Civil Procedure 15, based on the plaintiff's failure to obtain either a court order allowing

the amendment or the defendant's written consent. **See** Filing No. 17 - Brief p. 2. Although the defendant's motion mentions Rule 12, the defendant does not rely on Rule 12 in the brief. Accordingly, the court finds the defendant relies only on a procedural argument related to Rule 15. The defendant contends it is deprived of an opportunity to be heard on its substantive arguments if the plaintiff's Second Amended Complaint remains. *Id.* at 3. Specifically, the defendant contends the Second Amended Complaint includes significant additional facts and claims, which will result in "significant additional (and potentially conflicting) evidence" and law at trial. *Id.*

In response, the plaintiff asserts the Second Amended Complaint was filed with leave of court, relying on the court's April 19, 2010, order. **See** Filing No. 25 - Brief p. 1. In the alternative, the plaintiff seeks leave to file the Second Amended Complaint. *Id.* In reply, the defendant expands its argument to express its reliance on the text of the March 11, 2010, progression order and the docket text for the plaintiff's April 16, 2010, motion. **See** Filing No. 26 - Reply p. 2. The defendant also relays communications between counsel regarding the defendant's clear intention to agree to an extension of the deadline to move to amend, but equally clear opposition to the proposed amendments. *Id.* at 2-3. For the first time in the reply, the defendant elaborates on specific substantive objections to the content of the plaintiff's Second Amended Complaint. *Id.* at 3-9.

The court finds the defendant's motion to strike should be denied. The defendant primarily relies on the contradictory language between the March 11, 2010, progression order and the April 19, 2010, order granting leave to amend. However, the text of the plaintiff's April 16, 2010, motion and the April 19, 2010, order granting leave to amend are abundantly clear. The plaintiff's motion sought to amend the complaint, not extend the deadline to file a motion to amend. Further, the plaintiff's motion informed the court the motion was unopposed and provided a specific deadline for the defendant's answer to ***the amended complaint***, rather than respond to another motion. Under these circumstances, the court granted the plaintiff's leave to amend. The defendant failed to alert the court about the defendant's position, that the plaintiff's motion was either ambiguous or misleading, until over one month later. The defendant's motion to strike, therefore, is untimely. **See** NECivR 7.0.1 (allowing 14 days to oppose a motion) or NECivR 11.1

(allowing 7 days to challenge the authenticity of a filed document); NECivR 0.1 (allowing 14 days to file a motion for reconsideration after the court files an order); NECivR 72.2 (allowing 14 days to file an objection to a magistrate judge's order for review by a district judge).

In the alternative, the defendant's motion should be denied on the merits. The court has not yet set a deadline for discovery or a trial date. Accordingly, it is unlikely the amendments would cause delay. Under Federal Rule of Civil Procedure 15, a court should grant leave to amend freely "when justice so requires." However, "denial of leave to amend may be justified by undue delay, bad faith on the part of the moving party, futility of the amendment or unfair prejudice to the opposing party." *Amrine v. Brooks*, 522 F.3d 823, 833 (8th Cir. 2008) (internal quotation and citation omitted). The defendant fails to demonstrate the amendment would be unfairly prejudicial or futile. **See** *Roberson v. Hayti Police Dep't*, 241 F.3d 992, 995 (8th Cir. 2001); **see also** *Hanks v. Prachar*, 457 F.3d 774, 775 (8th Cir. 2006); *Stricker v. Union Planters Bank, N.A.*, 436 F.3d 875, 878 (8th Cir. 2006); *Becker v. Univ. of Neb.*, 191 F.3d 904, 908 (8th Cir. 1999). Upon consideration,

**IT IS ORDERED:**

1. The defendant's Motion to Strike, or in the alternative to Dismiss, Plaintiff's Second Amended Complaint (Filing No. 16) is denied.

2. The defendant shall have to **on or before June 28, 2010**, to file an answer or otherwise respond to the plaintiff's Second Amended Complaint in accordance with Fed. R. Civ. P. 12.

DATED this 14th day of June, 2010.

BY THE COURT:

s/ Thomas D. Thalken
United States Magistrate Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.